FILED

JAN 2 6 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>BRASIL BROTHERS DAIRY,<br><br>    Debtor.<br>_____ | Case No. 09-90326-D-7 |
| GARY FARRAR, Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL MILK PRODUCERS<br>FEDERATION, et al.,<br><br>    Defendants.<br>_____ | Adv. Pro. No. 09-9076-D<br><br>Docket Control No. KDG-1<br><br><br><br>DATE: January 13, 2010<br>TIME: 10:30 a.m.<br>DEPT: D |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

<u>MEMORANDUM DECISION</u>

On December 10, 2009, defendants Maria Enes ("Enes") and Frank Lima ("Lima") filed a motion to dismiss the complaint herein, bearing Docket Control No. KDG-1 (the "Motion"), in which they seek dismissal of the plaintiff's claims for relief against them -- the first and second claims for relief as against Enes (for declaratory relief and turnover), and the fourth, fifth, and sixth claims for relief as against Enes and Lima (for damages for violation of automatic stay, avoidance of a post-petition transfer, and recovery of a transfer from initial transferee or

immediate or mediate transferee of initial transferee). For the reasons set forth below, the court will deny the Motion.

## I. ANALYSIS

This court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O).

### A. Standards for Dismissal under Rule 12(b)(6)

The United States Supreme Court has recently adopted a "plausibility" standard for assessing Rule 12(b)(6) motions, analyzing the complaint before it in terms of whether it contained enough factual allegations, taken as true, to plausibly suggest that the plaintiff was entitled to relief. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929, 945 (2007). "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974.

The Court did not disturb its earlier pronouncement in Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683 (1974), that on a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." 416 U.S. at 236. Thus, "a well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'" Bell Atl. Corp., 127 S. Ct. at 1965, quoting and characterizing Scheuer v. Rhodes, 416 U.S. at 236.

### B. The Second, Fourth, Fifth, and Sixth Claims for Relief

The complaint herein, filed by Gary Farrar, chapter 7 trustee (the "trustee") of the estate of Brasil Brothers Dairy

(the "debtor"), concerns a $323,745 check issued nine days post-petition by National Milk Producers Federation, dba Cooperatives Working Together ("CWT") to Enes, through her attorney, Lima. The trustee alleges that the check represented a portion of the proceeds due the debtor for cattle it had sold on January 1 and 2, 2009 pursuant to the CWT Dairy Herd Retirement Program (the "CWT program").

Enes' and Lima's primary contention in the Motion is that the funds paid by CWT to Enes were the subject of a pre-petition assignment by the debtor, and thus, were not property of the estate at the time of the chapter 7 filing or at the time of the payment to Enes. As a result, they argue, the complaint fails to state a claim for relief in the form of turnover, damages for violation of the stay, or avoidance of the transfer.

This contention was previously raised by CWT in its motion to dismiss filed November 20, 2010, on which the court has issued a memorandum decision entered January 22, 2010 as docket entry number 32 (the "CWT decision"). The court refers to and incorporates by reference herein the findings and conclusions contained in the CWT decision which pertain to this issue. Finding nothing in the present Motion to warrant any addition to or departure from those findings and conclusions, the court will deny the Motion as to the second claim for relief, as against Enes, and the fourth, fifth, and sixth claims for relief, as against Enes and Lima.

C. The First Claim for Relief

As it pertains to the first claim for relief, the claim for declaratory relief, the Motion is opposed by both the trustee and

defendant Scott Allen Sanders ("Sanders").

Declaratory relief claims "are justiciable 'if there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" National Basketball Asso. v. SDC Basketball Club, Inc., 815 F.2d 562, 565 (9th Cir. 1987), quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941).

Enes claims there is no justiciable controversy between the trustee and her,[1] because "all of the relevant factual allegations support Defendant Enes' status as a secured creditor and assignee to the Payment."[2][3]  However, in support of this conclusion, Enes incorrectly attributes the following contentions to the trustee:  that in 2001, the debtor had granted to Enes a security interest in "all dairy livestock," that in 2001 and 2006, respectively, Enes had perfected and continued perfection of her security interest in "all of Debtor's dairy livestock," and that in 2006, the debtor had signed a promissory note in Enes' favor secured by "all of Debtor's dairy livestock."[4]

Enes cites language in the complaint quoting the description of collateral contained in the security agreement and later paragraphs that simply refer back to "the collateral listed

---

1.   Enes does not mention Sanders at all.

2.   Motion, at 6:17-18.

3.   Enes' status as an assignee, or lack thereof, is discussed in the CWT decision.  The following discussion therefore will be limited to her status as a secured creditor.

4.   Motion, at 5:25-6:11.

above."[5] Although on a cursory reading, the description of collateral purports to encompass "all dairy livestock now owned or hereafter acquired without limitation,"[6] it does not necessarily follow and the trustee does not allege that Enes therefore had a properly perfected first-priority security interest in any or all the livestock that generated CWT's $323,745 payment to her.

On the contrary, the description of collateral leaves open a host of questions, such as whether Enes' lien had priority as against subsequent purchase money security interests such as, allegedly, Sanders', whether the CWT payment was property of a type sufficiently described in the security agreement, whether it properly falls within the definition of "additions" or "replacements," as described in the security agreement, whether it constituted a general intangible, and if so, whether the security agreement covers general intangibles, whether the CWT payment constituted proceeds of livestock in which Enes had a security interest, and if so, whether the security agreement covers such proceeds,[7] and fundamentally, whether the livestock that generated the payment even belonged to the debtor or whether they belonged to a third person such as Sanders, who, he alleges, had some cattle on loan to the debtor.

/ / /

---

5.  Complaint, filed October 19, 2009, ¶¶13, 15, 16, 17.

6.  <u>Id.</u>, ¶13.

7.  The court notes that the word "proceeds" appears in the quoted portion of the security agreement only in the reference to "milk proceeds" and "cash proceeds," the latter of which appears to refer back to milk and milk products and proceeds.

In short, the court disagrees with Enes, and concludes that the allegations of the complaint demonstrate a justiciable controversy as to whether the proceeds were rightly paid to Enes, as opposed to the trustee or Sanders.  Thus, as to the first claim for relief, the court will deny the Motion.

### III.  CONCLUSION

For the reasons set forth above, the Motion will be denied. The court will issue an appropriate order.

Dated: January 26, 2010

ROBERT S. BARDWIL
United States Bankruptcy Judge

## CERTIFICATE OF MAILING

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document on today's date to each of the parties listed below:

Clifford Stevens
P.O. Box 20
Stockton, CA 95201-2030

Christopher Bell
Baker Manock & Jensen
5260 N Palm Ave., 4th Floor
Fresno, CA 93704

Maria Enes
c/o Frank Lima
1135 South Center Street
P.O. Box 1825
Turlock, CA 95381-1825

Scott Allen Sanders
c/o David Kahn
Kahn, Soares & Conway
219 N. Douty Street
Hanford, CA 93230

Jacob Eaton
Klein, Denatale, Goldner,
  Cooper, Rosenlieb & Kimball
4550 California Avenue, 2nd Floor
Bakersfield, CA 93309

DATE: JAN 2 6 2010

*[signature]*
Deputy Clerk